UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
HUNNA I. LIPKE

                                Plaintiff,

        -against-

CITY OF NEW YORK; GAETANO V. BELLO, as Medical Doctor
Pregnancy Medical District and APRIL BANNERS, as Senior Police
Administrative Aide, Pregnancy Medical District, each sued individually
and in their official capacities as employees of Defendant CITY OF
NEW YORK

                                Defendants'
-------------------------------------------------------------------------------x

**COMPLAINT**

**JURY DEMAND**

      Plaintiff HUNNA I. LIPKE through THE SANDERS FIRM, P.C., files this federal

complaint against Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL

BANNERS, respectfully set forth and allege that:

## JURISDICTION AND VENUE

    1.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.    Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy

              Discrimination Act of 1978;

        b.    Civil Rights Act of 1871, 42 U.S.C. § 1983;

        c.    New York State Executive Law § 296;

        d.    New York City Administrative Code § 8-107, as amended by the Pregnant

              Workers Fairness Act of 2014.

    2.    The unlawful employment practices, violations of Plaintiff HUNNA I. LIPKE'S

civil rights complained of herein were committed within the Eastern and Southern Districts of New

York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff HUNNA I. LIPKE have filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff HUNNA I. LIPKE alleges that on or about February 2, 2022, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) several times and even called but, has never received an acknowledgment.

5.      Plaintiff HUNNA I. LIPKE alleges that on or about February 3, 2022, she received an acknowledgment from the United States Postal Service Tracking Number: 9510813223532033481230 that the Charge of Discrimination was delivered and received by EEOC.

6.      Plaintiff HUNNA I. LIPKE is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

## THE PARTIES

7.      Plaintiff HUNNA I. LIPKE lives in Queens County, New York. Plaintiff HUNNA I. LIPKE self identifies as African-American and Asian, consistent with the [2020 US Census] question [about race] is based on an individual identifies. The United States recognizes race categories which include racial and national origins and sociocultural groups

## DEFENDANTS'

8.      Defendant THE CITY OF NEW YORK as a municipal employer. Although Defendant THE CITY OF NEW YORK is the employer, for the purposes of this litigation, Plaintiff HUNNA I. LIPKE at times will make reference to her assigned agency which is the NYPD.

9.     Defendant GAETANO V. BELLO, as Medical Doctor Pregnancy Medical District

10.     Defendant APRIL BANNERS, as Senior Police Administrative Aide, Pregnancy Medical District.

## **THE ALLEGATIONS**

11.     Plaintiff HUNNA I. LIPKE alleges that on or about October 18, 2021, she was diagnosed with hyperemesis gravidarum.

12.     Plaintiff HUNNA I. LIPKE alleges that she was advised by her OB/GYN that she was to be on bedrest and receive IV infusion treatment due to severe dehydration and weight loss.

13.     Plaintiff HUNNA I. LIPKE alleges that she was also advised her OB/GYN to go to the hospital for immediate treatment for dehydration while awaiting approval from her insurance carrier for at-home infusion treatments.

14.     Plaintiff HUNNA I. LIPKE alleges that on or about November 3, 2021, she reported sick to the NYPD Medical Division.

15.     Plaintiff HUNNA I. LIPKE alleges that on or about November 4, 2021, she visited the emergency room.

16.     Plaintiff HUNNA I. LIPKE alleges that on or about November 8, 2021, she had a conversation with Defendant GAETANO V. BELLO NYPD Pregnancy Medical District via video telemed and he requested to have a telephone conversation with her OB/GYN otherwise he threatened to return her to work restricted duty status.

17.     Plaintiff HUNNA I. LIPKE alleges that Defendant GAETANO V. BELLO threatened her despite medical evidence from her OB/GYN she needs strict bedrest.

18.    Plaintiff HUNNA I. LIPKE alleges that for well over a week her OB/GYN tried to reach Defendant GAETANO V. BELLO via telephone but, he refused to the messages.

19.    Plaintiff HUNNA I. LIPKE alleges that on or about November 10, 2021, she started receiving at-home infusion treatments.

20.    Plaintiff HUNNA I. LIPKE alleges that on or about November 15, 2021, she was advised by her OB/GYN that despite leaving numerous telephone messages, Defendant GAETANO V. BELLO has not returned any of the messages.

21.    Plaintiff HUNNA I. LIPKE alleges that on or about November 16, 2021, via video telemed, despite her medical evidence Defendant GAETANO V. BELLO returned her to work restricted duty status.

22.    Plaintiff HUNNA I. LIPKE alleges that Defendant GAETANO V. BELLO falsely claimed her OB/GYN never called him.

23.    Plaintiff HUNNA I. LIPKE alleges that on or about November 17, 2021, Defendant APRIL BANNERS sent her a message via department email that Defendant GAETANO V. BELLO would not be returning any of her OB/GYN'S telephone calls. In fact, Defendant GAETANO V. BELLO NEVER returns ANY calls from members of the service's OB/GYN'S.

24.    Plaintiff HUNNA I. LIPKE alleges that on or about November 18, 2021, despite her medical condition including an intravenous device placed in her arm, she reported to the 109th Precinct her permanent command.

25.    Plaintiff HUNNA I. LIPKE alleges that on or about November 18, 2021, Sergeant Frank A. Mosca, 109 Squad A-2, immediately called the NYPD Medical Division reported her sick and sent her home.

26.     Plaintiff HUNNA I. LIPKE alleges that on or about November 19, 2021, Defendant APRIL BANNERS contacted her directing her to report to Defendant GAETANO V. BELLO for an in-person visit.

27.     Plaintiff HUNNA I. LIPKE alleges that on or about November 24, 2021, she met with Defendant GAETANO V. BELLO.

28.     Plaintiff HUNNA I. LIPKE alleges that during the visit, Defendant GAETANO V. BELLO told her that he had a conversation with her OB/GYN and agreed to keep her out sick for a longer period of time.

29.     Plaintiff HUNNA I. LIPKE alleges that Defendant GAETANO V. BELLO claimed, in 41 years as an obstetrician, he only had one patient with her condition.

30.     Plaintiff HUNNA I. LIPKE alleges that on or about December 5, 2021, her husband found her on the bathroom of their home unconscious.

31.     Plaintiff HUNNA I. LIPKE alleges that on or about December 8, 2021, her OB/GYN sent medical updates to Defendant GAETANO V. BELLO regarding her medical condition: syncope (frequent fainting). After speaking with Defendant GAETANO V. BELLO via video telemed, he agreed to keep her out sick for a longer period of time.

32.     Plaintiff HUNNA I. LIPKE alleges that on or about December 22, 2021, after speaking with Defendant GAETANO V. BELLO via video telemed, he told her "I will be returning you back to work no matter the circumstances."

33.     Plaintiff HUNNA I. LIPKE alleges that on or about December 29, 2021, for well over a week her OB/GYN tried to reach Defendant GAETANO V. BELLO via telephone but, he refused to the messages.

34.     Plaintiff HUNNA I. LIPKE alleges that on or about December 30, 2021, Defendant APRIL BANNERS sent her a message via department email suggesting that Defendant GAETANO V. BELLO would not be returning any of her OB/GYN'S telephone calls.

35.     Plaintiff HUNNA I. LIPKE alleges that on or about January 4, 2022, after speaking with Defendant GAETANO V. BELLO via video telemed, he directed her to report to the NYPD Pregnancy Medical District for an in-person visit.

36.     Plaintiff HUNNA I. LIPKE alleges that on or about January 12, 2022, her OB/GYN diagnosed her with a rare form of anemia called Fanconi Anemia Type A which worsens during the pregnancy.

37.     Plaintiff HUNNA I. LIPKE alleges that she was told that the treatment would consist of weekly iron transfusions, along with the at-home treatments.

38.     Plaintiff HUNNA I. LIPKE alleges that she was also diagnosed with experiencing irregular heartbeats which were a concern.

39.     Plaintiff HUNNA I. LIPKE alleges that on or about January 13, 2022, during an in-person meeting with Defendant GAETANO V. BELLO he said, "I'm surprised that you would even have anemia and a heart monitor is nothing serious considering you're Asian. It's mostly an Italian thing unless you have Italian in you?"

40.     Plaintiff HUNNA I. LIPKE alleges that on or about January 14, 2022, she received iron fusion treatments at a local hospital.

41.     Plaintiff HUNNA I. LIPKE alleges that on or about January 17, 2022, her squad sergeant, Sergeant Anthony J. Millan, 109 Squad A-1, sent her personal text message, don't you step foot into the command.

42.     Plaintiff HUNNA I. LIPKE alleges that on or about January 17, 2022, she reported sick.

43.     Plaintiff HUNNA I. LIPKE alleges that on or about January 18, 2022, she called the NYPD Pregnancy Medical District and spoke with Police Administrative Aide Tiffany.

44.     Plaintiff HUNNA I. LIPKE alleges that while discussing her medical conditions with Police Administrative Aide Tiffany, she could hear Defendant GAETANO V. BELLO in the background saying that he wanted to speak with her commanding officer.

45.     Plaintiff HUNNA I. LIPKE alleges that on or about January 24, 2022, Administrative Sergeant Jason P. Vidal, 109th Precinct told her that Defendant GAETANO V. BELLO called her commanding officer John L. O'Connell and discussed her personal medical conditions.

46.     Plaintiff HUNNA I. LIPKE alleges that Administrative Sergeant Jason P. Vidal promised to try and find a way to accommodate her with work from home.

47.     Plaintiff HUNNA I. LIPKE alleges that on or about January 26, 2022, she filed a complaint with the NYPD Office of Equity and Inclusion regarding Defendant GAETANO V. BELLO'S insensitive remarks about her anemia as it relates to her status as an Asian woman.

48.     Plaintiff HUNNA I. LIPKE alleges that on or about January 26, 2022, she contacted the NYPD Employee Assistance Unit to request a reasonable accommodation regarding her medical conditions.

49.     Plaintiff HUNNA I. LIPKE alleges that on or about January 28, 2022, Administrative Sergeant Jason P. Vidal told her that the "Boro" meaning NYPD Patrol Borough Queens North denied her request for a reasonable accommodation because they're not granting any at this time.

50.     Plaintiff HUNNA I. LIPKE alleges that on or about January 30, 2022, despite her medical evidence Defendant GAETANO V. BELLO returned her to work restricted duty status.

51.     Plaintiff HUNNA I. LIPKE alleges that on or about January 31, 2022, the NYPD Employee Assistance Unit told her that her request for a reasonable accommodation is denied.

52.     Plaintiff HUNNA I. LIPKE alleges that the unchecked actions of Defendant GAETANO V. BELLO against her motivated by race and gender, jeopardized the health, safety and welfare of herself and fetus.

53.     Plaintiff HUNNA I. LIPKE alleges that the department is aware of similar complaints of mistreatment filed against Defendant GAETANO V. BELLO for years but, have done nothing to protect its female uniformed employees.

54.     Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS are in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978; Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

55.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 54 and incorporates them by reference as Paragraphs 1 through 54 of Count I of this Complaint.

56.     Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK through its agents engaged in a pattern and practice of race discrimination against her with respect to the terms, conditions and privileges of employment because of her race.

8

57.     Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK knew or should have known about race discrimination in the workplace because of their prior history of discriminatory conduct.

58.     Plaintiff HUNNA I. LIPKE allege that the discriminatory acts of Defendant CITY OF NEW YORK caused her to suffer depression and anxiety.

59.     Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up.

60.     Plaintiff HUNNA I. LIPKE allege that the acts of Defendant CITY OF NEW YORK under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT II
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

61.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 60 and incorporates them by reference as Paragraphs 1 through 60 of Count II of this Complaint.

62.     Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK through its agents engaged in a pattern and practice of pregnancy discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

63.     Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

64.     Plaintiff HUNNA I. LIPKE allege that the discriminatory acts of Defendant CITY OF NEW YORK caused her to suffer depression and anxiety.

65. Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up.

66. Plaintiff HUNNA I. LIPKE allege that the acts of Defendant CITY OF NEW YORK under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

67. Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 66 and incorporates them by reference as Paragraphs 1 through 66 of Count III of this Complaint.

68. Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards her with respect to the terms, conditions and privileges of employment because of her race and gender.

69. Plaintiff HUNNA I. LIPKE allege that the cruel and hostile acts of Defendant CITY OF NEW YORK through its agents under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT IV**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

70. Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 69 and incorporates them by reference as Paragraphs 1 through 69 of Count IV of this Complaint.

71. Plaintiff HUNNA I. LIPKE allege that Defendant CITY OF NEW YORK through

its agents engaged in various retaliatory actions against her for opposing race and pregnancy discrimination and filing such complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

72.     Plaintiff HUNNA I. LIPKE allege that as a result of the illegal acts of Defendant CITY OF NEW YORK through its agents under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT V**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

73.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 72 and them by reference as Paragraphs 1 through 72 of Count V of this Complaint.

74.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS intentionally engaged in an outrageous and systematic pattern of race discrimination, oppression, bad faith and cover-up.

75.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS acting individually and in their official capacities as a public officials of Defendant CITY OF NEW YORK under color of law, and having been fully advised that she is being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such race discrimination was taking place, knowingly omitted to act to protect her.

76.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her

personal and professional reputation.

## COUNT VI
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

77.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 76 and them by reference as Paragraphs 1 through 76 of Count VI of this Complaint.

78.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, oppression, bad faith and cover-up.

79.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS acting individually and in their official capacities as a public officials of Defendant CITY OF NEW YORK under color of law, and having been fully advised that she is being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect her.

80.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT VII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

81.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 80 and incorporates them by reference as Paragraphs 1 through 80 of Count VII of this Complaint.

82.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and

12

APRIL BANNERS intentionally engaged in an outrageous and systematic pattern of race and pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at her with respect to the terms, conditions and privileges of employment because of her race and gender.

83.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS acting individually and in their official capacities as a public officials of Defendant CITY OF NEW YORK under color of law, and having been fully advised that she is being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such race and pregnancy discrimination was taking place, knowingly omitted to act to protect her.

84.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

85.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 84 and incorporates them by reference as Paragraphs 1 through 84 of Count VIII of this Complaint.

86.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS intentionally engaged in an outrageous and systematic pattern of race and pregnancy discrimination, hostility, oppression, bad faith and cover-up.

87.     Plaintiff HUNNA I. LIPKE allege that Defendants' GAETANO V. BELLO and APRIL BANNERS acting individually and in their official capacities as a public officials of Defendant CITY OF NEW YORK under color of law, and having been fully advised that she is

being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against her for opposing race and pregnancy discrimination and filing such complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

88.     Plaintiff HUNNA I. LIPKE that Defendants' GAETANO V. BELLO and APRIL BANNERS under color of law caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT IX
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

89.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 88 and incorporates them by reference as Paragraphs 1 through 88 of Count IX of this Complaint.

90.     Plaintiff HUNNA I. LIPKE alleges that Defendant CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting race and pregnancy discrimination and related claims under color of law.

91.     Plaintiff HUNNA I. LIPKE alleges that Defendant CITY OF NEW YORK through its agents deprived her of her constitutional and statutory rights.

92.     Plaintiff HUNNA I. LIPKE alleges that Defendant CITY OF NEW YORK through its agents caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT X
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

93.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 92 and incorporates

them by reference as Paragraphs 1 through 92 of Count X of this Complaint.

94. Plaintiff HUNNA I. LIPKE alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her race.

95. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS discriminated against her because of her race.

96. Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of race discrimination and great humiliation.

97. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT XI**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

98. Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 97 and incorporates them by reference as Paragraphs 1 through 97 of Count XI of this Complaint.

99. Plaintiff HUNNA I. LIPKE alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her gender.

100. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS discriminated against her because of her gender.

101. Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of pregnancy discrimination and great humiliation.

102. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

103. Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 102 and incorporates them by reference as Paragraphs 1 through 102 of Count XII of this Complaint.

104. Plaintiff HUNNA I. LIPKE alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and gender.

105. Plaintiff HUNNA I. LIPKE alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

106. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS engaged in various hostile actions against her based upon her race and gender.

107. Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of race and pregnancy discrimination.

108. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK;

GAETANO V. BELLO and APRIL BANNERS'S violations caused them to experience

emotional distress, postpartum depressions, and other related medical conditions, incur

significant legal costs, damage to her personal and professional reputation.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

109.    Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 108 and incorporates

them by reference as Paragraphs 1 through 108 of Count XIII of this Complaint.

110.    Plaintiff HUNNA I. LIPKE alleges that New York State Executive Law § 296,

makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their race and gender.

111.    Plaintiff HUNNA I. LIPKE alleges that the law also makes it unlawful to create

an atmosphere where retaliation is encouraged and/or tolerated.

112.    Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK;

GAETANO V. BELLO and APRIL BANNERS engaged in various retaliatory actions against

her for opposing race and pregnancy discrimination and filing such complaints with its agents,

the NYPD Office of Equity and Inclusion and the EEOC.

113.    Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the

unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO

and APRIL BANNERS she suffered the indignity of race and pregnancy discrimination and

great humiliation.

114.    Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK;

GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional

distress, postpartum depressions, and other related medical conditions, incur significant legal

costs, damage to her personal and professional reputation.

## COUNT XIV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

115.    Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 114 and incorporates them by reference as Paragraphs 1 through 114 of Count XIV of this Complaint.

116.    Plaintiff HUNNA I. LIPKE alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

117.    Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS discriminated against her because of her race.

118.    Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of race discrimination and great humiliation.

119.    Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

## COUNT XV
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

120.    Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 119 and incorporates them by reference as Paragraphs 1 through 119 of Count XV of this Complaint.

121.    Plaintiff HUNNA I. LIPKE alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment because of their gender.

122. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS discriminated against her because of her gender.

123. Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of pregnancy discrimination and great humiliation.

124. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT XVI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

125. Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count XVI of this Complaint.

126. Plaintiff HUNNA I. LIPKE alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and gender.

127. Plaintiff HUNNA I. LIPKE alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

128. Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS engaged in various hostile actions against her based upon her race and gender.

129.     Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of race and pregnancy discrimination.

130.     Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional distress, postpartum depressions, and other related medical conditions, incur significant legal costs, damage to her personal and professional reputation.

**COUNT XVII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

131.     Plaintiff HUNNA I. LIPKE re-alleges Paragraphs 1 through 130 and incorporates them by reference as Paragraphs 1 through 130 of Count XVII of this Complaint.

132.     Plaintiff HUNNA I. LIPKE alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race and gender.

133.     Plaintiff HUNNA I. LIPKE alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

134.     Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS engaged in various retaliatory actions against her for opposing race and pregnancy discrimination and filing such complaints with its agents, the NYPD Office of Equity and Inclusion and the EEOC.

135.     Plaintiff HUNNA I. LIPKE alleges that as a direct and proximate result of the unlawful employment practices of Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS she suffered the indignity of race and pregnancy discrimination and

great humiliation.

136.     Plaintiff HUNNA I. LIPKE alleges that Defendants' CITY OF NEW YORK;

GAETANO V. BELLO and APRIL BANNERS'S violations caused her to experience emotional

distress, postpartum depressions, and other related medical conditions, incur significant legal

costs, damage to her personal and professional reputation.

## JURY TRIAL

137.     Plaintiff HUNNA I. LIPKE demands a trial by jury of all issues in this action that

are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff HUNNA I. LIPKE demands compensatory and punitive damages

from Defendants' CITY OF NEW YORK; GAETANO V. BELLO and APRIL BANNERS

jointly and severally, in an amount to be determined at trial, plus any al available statutory

remedies, both legal and equitable, and interests and costs.

Dated:  September 22, 2022
New York, N.Y.

Respectfully submitted,

By:     _____
        Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)
Website: http://www.thesandersfirmpc.com